Guadalupe Lara **GONZALEZ**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–82–285–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 13, 1984.

Joseph Connors, III, McAllen, for appellant.

Rene Guerra, Ted Hake, Asst. Dist. Attys., Edinburg, for appellee.

Before NYE, C.J., and UTTER and YOUNG, JJ.

OPINION

UTTER, Justice.

Following remand of this case from the Texas Court of Criminal Appeals, we reform and, as reformed, affirm the judgment of the trial court.

Appellant was initially adjudged guilty of the offense of burglary of a building on September 18, 1980, in Cause Number CR–622–80–B in the 93rd District Court of Hidalgo County, Texas, and was assessed punishment at three years in the Texas Department of Corrections and a $750.00 fine, probated for five years. Subsequently, the State filed in the trial court its application to revoke appellant's five-year probation. After a hearing on February 4, 1981, the trial court revoked the five-year probation and sentenced appellant to three years in the Texas Department of Corrections. On June 10, 1981, the trial court, upon its own motion, suspended further execution of appellant's three-year sentence and placed appellant on "shock probation" for three years pursuant to TEX. CODE CRIM.PROC. art. 42.12 § 3e (Vernon Supp.1984).

On June 15, 1982, the state filed in the trial court its application to revoke appellant's three year probation. Following a hearing on the application on July 23, 1982, the trial court found that all of the allegations of violations of the terms and conditions of appellant's three-year probation in the application were "true." The trial court then granted appellant his request for a ten-day delay before imposition of sentence.

On August 2, 1982, the trial court ordered that appellant's three-year probation be revoked and assessed punishment at three years in the Texas Department of Corrections. On August 9, 1982, the trial court signed the written sentence, which stated:

IT IS THE FUTHER (sic) ORDER of the Court that the Sentence given the Defendant in this above entitled Cause run consecutively with the Five (5) year Sentence given Defendant in Cause Number CR–392–82–B, styled THE STATE OF TEXAS VS. GUADALUPE GONZALEZ. Defendant, GUADALUPE LARA GONZALEZ gave Notice of Appeal on July 23, 1982 and on August 2, 1982.

On January 14, 1983, the trial court entered a nunc pro tunc order revoking probation, which stated:

IT IS THE FUTHER (sic) ORDER of the Court that the Sentence given the Defendant in this above entitled Cause run consecutively with the Five (5) year Sentence given Defendant in Cause Number CR–392–82–B, styled THE STATE OF TEXAS VS. GUADALUPE GONZALEZ. Defendant, GUADALUPE LARA GONZALEZ gave Notice of Appeal on July 23, 1982 and on August 2, 1982., and on Jan. 14, 1983. Defendant is hereby given credit for *226* days he has already spent in jail as of August 2, 1982.

The other cause, Cause Number CR–392–82–B, in which appellant was previously convicted by a jury in the same trial court of aggravated assault with a deadly weapon and was assessed a five year sentence, has already been before this Court. *Gonzalez v. State*, 659 S.W.2d 470 (Tex.App.—Corpus Christi 1983, pet. ref'd.).

On appeal of the instant case, our Court of Appeals found that the trial court committed no error and affirmed the judgment of the trial court. 664 S.W.2d 797. On petition for discretionary review, the Texas Court of Criminal Appeals in Cause Number 263–84 (Tex.Crim.App. July 18, 1984) (not published) held (1) that, under *O'Hara v. State*, 626 S.W.2d 32 (Tex.Crim.App. 1981), the cumulation orders in the order revoking probation and in the nunc pro tunc order revoking probation, which cumulated the three-year sentence in the instant case and the five-year sentence in Cause Number CR–392–82–B, were improper and (2) that the other issues presented in appellant's petition for discretionary review were without merit. The case was then remanded for our Court's disposition after reconsidering appellant's challenge to the cumulation orders in light of *O'Hara v. State*.

In his fourth and fifth ground of error, appellant argues that, because a part of appellant's original five-year sentence for the conviction of burglary of a building had already begun and had been served, the trial court was prohibited by law from ordering the reinstated three-year sentence to run consecutive to appellant's five-year sentence in the other cause, Cause Number CR–392–82–B. We agree that, under *O'Hara v. State*, such cumulation orders were improper and that said orders are null and void and of no legal effect. We note the following language found in *O'Hara v. State*:

When a court grants shock probation under the provisions of Art. 42.12, Sec. 3e, V.A.C.C.P., it suspends the *execution*, rather than the *imposition* of the sentence. The defendant actually serves a portion of the sentence. The convicting court may then suspend the execution of the remainder of the sentence.

We have held that a court may not add a cumulation order onto a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed. Such an attempted cumulation order is null and void and of no legal effect. *Ex parte Voelkel*, 517 S.W.2d 291 (Tex.Cr.App.1975); *Ex parte Brown*, 477 S.W.2d 552 (Tex.Cr.App. 1972); *Ex parte Reynolds*, 462 S.W.2d 605 (Tex.Cr.App.1971).

We find these cases to be controlling when probation is revoked after a defendant has been placed on shock probation. Since a defendant must actually serve a portion of his sentence before

being placed on probation pursuant to Art. 42.12, Sec. 3e, V.A.C.C.P., upon the revocation of that probation the convicting court has no power to cumulate any sentence not originally ordered to be served cumulatively. The cumulation order of the trial court in Cause No. 16263 (our Cause No. 68,533) must be set aside. *O'Hara v. State,* 626 S.W.2d at p. 35. Appellant's fourth and fifth grounds of error are sustained.

In light of our disposition upon reconsideration of appellant's fourth and fifth grounds of error, we need not reconsider appellant's second and third and sixth through eighth grounds of error, wherein he challenges the sufficiency of the trial court's oral pronouncement of cumulation and the requisites for a proper cumulation order.

For the reasons stated above, the cumulation orders in the instant case are set aside. In all other respects, the judgment of the trial court is AFFIRMED.