**Ex parte: Theodora ALANIZ.**

**Nos. 13–95–537–CR, 13–96–135–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 5, 1996.

Joseph A. Connors, III, McAllen, for appellant.

Luis V. Saenz, District & County Attorney, John A. Olson, Asst. County & District Attorney, Brownsville, for state.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a denial of an application for writ of habeas corpus.

Appellant Theodora Alaniz pleaded "no contest" to the charge of intoxication manslaughter,[1] was found guilty and sentenced to ten years' probation and 120 days in jail, to be served on weekends. On the State's motion to reconsider the sentence, the trial court vacated appellant's sentence, withdrew her nolo contendere plea, and set the case for trial. Claiming double jeopardy, appellant sought a writ of habeas corpus to prevent the retrial, but her petition was denied by the trial court. We grant the writ of habeas corpus.[2]

Appellant was charged with intoxication manslaughter as a result of a two-car accident on September 14, 1994, that caused the death of Mrs. Laura Alicia Treto. On October 9, 1995, appellant pleaded "no contest" to the charge without a plea agreement and the court accepted the plea and ordered a presentence investigation. On November 9, 1995, the court sentenced the defendant in open court to 10 years' probation and 120 days in jail. The State presented no evidence nor did it argue against the sentence imposed. However, later that same day the State filed a "Motion to Reconsider Sentencing" asking the trial court to sentence appellant to 20 years in prison.

On November 20, after appellant had already begun to serve weekends in jail pursuant to her original punishment, the trial court held a hearing on the State's motion to reconsider the sentence. At that hearing the State pointed to evidence of appellant's blood alcohol concentration after the accident and noted that appellant had injured people in Willacy County in 1993 when driving while intoxicated. The State also presented testimony by the victim's husband, Mr. David Treto. Mr. Treto testified that his son will never see his mother again and that he will never see his wife again. Mr. Treto also testified that the appellant had just completed alcohol counseling the day before the accident, and that she had been caught driving with a suspended license. He stated that "[appellant] has no respect whatsoever for the law in my opinion."

Appellant objected to the court reconsidering the previously imposed punishment, arguing that no new evidence had arisen since the original probated sentence was imposed and that the State had waived any argument for a more stringent punishment by failing to argue at the earlier sentencing hearing. The trial court overruled appellant's objections to the new sentencing proceeding, and denied appellant's request for additional time to prepare more evidence of her own.

The trial court granted the State's motion to reconsider and sua sponte withdrew the appellant's plea of no contest, stating that he was doing so "partly based on the fact that she has denied that alcohol impaired her mental faculties as per the P.S.I. to the point where she was not cognitive of her actions." The court then set the case for trial.[3] The trial court subsequently continued the case indefinitely pending the outcome of appellant's habeas corpus appeal. Appellant filed a petition for writ of habeas corpus, which was denied by the trial court following a hearing, and this appeal ensued.

On appeal, appellant argues that the trial court erred in denying her petition for writ of habeas corpus, because to subject her to a trial would violate her constitutional protections against double jeopardy. Appellant argues that the trial court erred in sua sponte withdrawing her "no contest" plea, vacating the previously imposed sentence, and setting the case for trial after the court had already

---

1. Tex.Penal Code Ann. § 49.08 (Vernon 1994).

2. Defendant Alaniz also appeals her conviction, asking us to *affirm* her conviction in our cause number 13–95–537–CR. We dismiss that appeal.

3. We note that the trial court signed the original judgment, imposing the ten-year probated sentence, on November 28, 1995, eight days *after* vacating the judgment and setting the case for trial. Since all the parties continued to act as if the original sentence had been vacated, however, we do not read the fact that the judgment was signed late as being significant, but rather as merely a ministerial act which allowed appellant to file a notice of appeal from that original conviction.

accepted the plea and announced appellant's punishment in open court, and after appellant had already begun to serve her sentence.

██ The double jeopardy clauses of both the Texas and Federal Constitutions protect against three abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 716–17, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Phillips v. State,* 787 S.W.2d 391, 393 (Tex.Crim.App.1990). The United States and Texas Constitutions protect the accused from attempts to secure additional punishment after a prior conviction and sentence. *Brown v. Ohio,* 432 U.S. 161, 165–66, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187 (1977); *Cervantes v. State,* 815 S.W.2d 569, 573–74 (Tex.Crim.App.1991).

██ Jeopardy attaches in a non-jury trial when the accused enters a plea to the indictment in open court. *State v. Torres,* 805 S.W.2d 418, 421 (Tex.Crim.App.1991); *Ortiz v. State,* 885 S.W.2d 271, 274 (Tex.App.—Corpus Christi 1994, pet. granted). The State argues that, although jeopardy attached when the defendant pleaded nolo contendere, the subsequent withdrawal of the plea by the court and setting for a new trial constituted a continuation of the case and the original jeopardy.

██ The court, however, imposed and suspended sentence on the defendant in open court. That pronouncement of sentence began the time periods running for filing notice of appeal or motion for new trial. TEX. R.APP.P. 31(a)(1). We hold that the acceptance of the plea of guilty and the sentencing of the defendant concluded the case, even though the defendant was sentenced to community supervision. Neither the trial court nor the State may move for a new trial; that right is reserved solely for the defendant. *Ex parte Ybarra,* 629 S.W.2d 943, 945 (Tex.Crim.App.1982); TEX.R.APP.P. 30 ("A 'new trial' is the rehearing of a criminal action after a finding or verdict of guilt has been set aside *upon motion of an accused.*") (emphasis added).

██ The power of a court is limited after the sentence is imposed. For example, an attempt to cumulate sentences after a defendant has begun serving the first sentence is void. *Ex parte Voelkel,* 517 S.W.2d 291, 292–93 (Tex.Crim.App.1975); *Gonzalez v. State,* 683 S.W.2d 791, 792–93 (Tex.App.—Corpus Christi 1984, no pet.). Similarly, an attempt to resentence a defendant to take an enhancement paragraph into account is void. *Tooke v. State,* 642 S.W.2d 514, 518 (Tex. App.—Houston [14th Dist.] 1982, no pet.). A defendant's sentence begins to run on the day it is pronounced. TEX.CODE CRIM.PROC. ANN. art. 42.09 § 1 (Vernon Supp.1996); *State v. Evans,* 817 S.W.2d 807, 808 (Tex. App.—Waco 1991), *aff'd in part, rev'd in part on other grounds,* 843 S.W.2d 576 (Tex.Crim. App.1992).

The State argues that appellant did not object to the trial court withdrawing her plea and vacating the sentence, and that she therefore waived appellate review of the court's decision to do so. The State further argues that, if the record either directly or inferentially shows that an accused consented to a trial court's declaration of a retrial, appellate review can be waived. The State cites *Torres v. State,* 614 S.W.2d 436, 441 (Tex.Crim.App.1981) (panel op.), *Jones v. State,* 857 S.W.2d 108, 112 (Tex.App.—Corpus Christi 1993, no pet.), and *Robinson v. State,* 728 S.W.2d 858, 860 (Tex.App.—Austin 1987, no pet.).

██ Double jeopardy complaints involve fundamental constitutional protections, and points raising the prohibition against double jeopardy are not waived by insufficiently specific objections in the trial court. *Ex parte Pleasant,* 577 S.W.2d 256, 257 (Tex. Crim.App.1979); *Jones v. State,* 586 S.W.2d 542, 544 (Tex.Crim.App.1979). Appellant objected repeatedly to the trial court conducting the hearing on the State's motion to reconsider her punishment, arguing that no new evidence had arisen and that the trial court should not change its previously imposed sentence. We hold that appellant did not waive her double jeopardy complaints.

██ In the present case, appellant's sentence was pronounced by the trial court on

November 9, 1995 and she began serving her weekends in jail pursuant to that sentence before the trial court held the hearing on the State's "Motion to Reconsider Sentencing." The trial court lacked the power to increase the sentence. The court's order withdrawing appellant's nolo contendere plea, vacating the sentence, and setting the case for trial was therefore void.

Appellant Theodora Alaniz may not be re-tried in cause number 13–96–135–CR for intoxication manslaughter, because to do so would violate her right not to be put in jeopardy twice for the same offense. We therefore reverse the trial court's order denying habeas corpus relief and we grant the relief sought. The original judgment and sentence are reinstated, and the cause is remanded for execution of sentence. The attempted appeal in cause number 13–95–537–CR is DISMISSED.