TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-96-00474-CR

NO. 03-96-00475-CR

NO. 03-96-00476-CR





John McAuliffe, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NOS. 0941732; 0950030 & 0950431, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






 These are consolidated appeals following revocation of community supervision. By one
point of error, appellant complains that the trial court erred in failing to appoint counsel to assist him in
preparing a motion for new trial and in failing to conduct a hearing on the motion he filed. Finding no error
in the trial court's actions, we will affirm the orders of the trial court.


BACKGROUND

 Appellant, John McAuliffe, pleaded guilty to two counts of driving while intoxicated and
one count of possession of marihuana. On October 11, 1995, the trial court rendered judgment finding
McAuliffe guilty of the charges but probating his sentences. The State later filed motions to revoke
community supervision on all causes. After McAuliffe entered pleas of true to the motions to revoke, the
trial court revoked community supervision and imposed sentences of imprisonment for three years and a
$200 fine in the driving-while-intoxicated causes and incarceration in a state jail for eighteen months in the
marihuana cause. McAuliffe then filed pro se motions for new trial. (1) The motions were never set for a
hearing, and McAuliffe filed these appeals. (2)


DISCUSSION

 We note first that McAuliffe's point of error includes two separate complaints and is,
therefore, multifarious. For this reason alone the point of error could be overruled. Sterling v. State, 800
S.W.2d 513, 521 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1213 (1991). Nevertheless, the
appellate court has discretion to review such a point in the interest of judicial economy and justice. Id. 
Accordingly, we will address the merits of both claims.

 Although McAuliffe acknowledges in his brief that he was represented by retained counsel
at the revocation hearing, he contends that he was denied court-appointed counsel to assist him thereafter
in preparing a motion for new trial. Even assuming McAuliffe was entitled to file motions for new trial
following a revocation proceeding, which we need not decide, we find his contention without merit. 

 Trial counsel has a duty to represent the client throughout the appellate process or file leave
to withdraw with the court. See Tex. Code Crim. Proc. Ann. art. 26.04 (West 1989); Ex parte Axel, 757
S.W.2d 369, 374 (Tex. Crim. App. 1988) (retained counsel has not concluded a case until he has filed
motion to withdraw if he knows his client intends to appeal); Fowler v. State, 874 S.W.2d 112, 114 (Tex.
App.--Austin 1994, pet. ref'd) (counsel appointed to represent a defendant at trial remains as counsel on
appeal unless permitted to withdraw). The Axel court held:

[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult
with and fully to advise his client concerning meaning and effect of the judgment rendered
by the court, his right to appeal from that judgment, the necessity of giving notice of appeal
and taking other steps to pursue an appeal, as well as expressing his professional judgment
as to possible grounds for appeal and their merit, and delineating advantages and
disadvantages of appeal. The decision to appeal belongs to the client.



Axel, 757 S.W.2d at 374. 

 Based on the record before the Court, there is no evidence that McAuliffe was deprived
of counsel to assist in preparing a motion for new trial. Although the motion for new trial contained a
request for a court-appointed attorney, nothing in the record suggests that McAuliffe was not represented
by counsel throughout the time concerned or that he requested an attorney before he filed his motion. 
Furthermore, McAuliffe was represented by the same counsel during both the proceedings on the original
charges and on the revocation of community supervision. Nothing in the record indicates that McAuliffe's
counsel attempted to withdraw, was granted leave to withdraw, or withdrew after the revocation
proceedings; thus, presumably McAuliffe had legal counsel, and the district court had no notice otherwise. 
Without notice that McAuliffe required, desired, or was entitled to appointed counsel before he filed his
motion for new trial, and in the absence of a motion to withdraw from the retained counsel, we hold that
the trial court had no duty to appoint additional counsel to assist McAuliffe in preparing a motion for new
trial. 

 McAuliffe additionally complains in his only point of error that the trial court erred by not
conducting a hearing on his motion for new trial. See former Tex. R. App. P. 31. The Texas Court of
Criminal Appeals recently addressed the issue of potential error by a trial court in failing to conduct a
hearing on a motion for new trial. See Baker v. Texas, No. 72,225, slip op. at 8 (Tex. Crim. App. May
21, 1997). In Baker, the appellant argued that the trial judge erred in not hearing appellant's motion for
new trial within the required seventy-five days. Without objection from appellant, the trial court set the
hearing for a date outside the seventy-five day period. The Court of Criminal Appeals held that, by failing
to object to the untimely setting, appellant failed to preserve his complaint that the trial judge should have
held a timely hearing. Id. 

 Likewise, there is no indication in the appellate record that McAuliffe objected to the trial
court's failure to set a hearing date. As this Court previously has stated, "the responsibility for obtaining
a setting for such a hearing falls on the party seeking it, not on the trial judge." Oestrick v. State, 939
S.W.2d 232, 235 (Tex. App.--Austin 1997, pet. ref'd). Accordingly, we hold that McAuliffe has failed
to preserve his complaint that the trial court was required to conduct a hearing. See former Tex. R. App.
P. 52(a).

 More importantly, a defendant is not entitled to a hearing on a motion for new trial unless
a matter, not determinable from the record and upon which the defendant could be entitled to relief, is
raised. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). McAuliffe's motion for new trial
does not complain about the revocation proceedings. Rather, McAuliffe's complaints in his motion are
directed toward the effectiveness of his counsel and voluntariness of his guilty pleas at the original trial. Trial
was held, and sentence imposed, ten months before the court revoked community supervision and
McAuliffe filed the motion. This is certainly well outside the thirty days in which McAuliffe was statutorily
required to file his motion. See former Tex. R. App. P. 31(a)(1); Ex parte Alaniz, 931 S.W.2d 26, 29
(Tex. App.--Corpus Christi 1996, no pet.) (sentence of community supervision begins running of time
period for filing motion for new trial). Had we not disposed of McAuliffe's contention because he failed
to preserve error, we would have rejected his argument on the basis that the motion is untimely and does
not raise matters which, even if true, would entitle him to relief. 

 Finally, we further note that a court does not err by failing to hold a hearing when the
motion is not supported by an affidavit showing the truth of the grounds of the attack. Reyes, 849 S.W.2d
at 816. Because McAuliffe's motion was not supported by affidavit, the trial court did not err by failing
to conduct a hearing.


CONCLUSION

 Having determined that the trial court did not err in failing to appoint counsel to assist in the
preparation of the motion for new trial or by failing to conduct a hearing on the motion for new trial, we
overrule appellant's point of error and affirm the orders of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed on All Causes

Filed: December 4, 1997

Do Not Publish

1. Whether McAuliffe's notice of appeal was timely filed was the subject of an earlier opinion. This
Court initially dismissed the appeal on the basis that it was untimely but reinstated the appeal based on
McAuliffe's contention that he placed it in the prison mailbox within the appropriate time.
2. McAuliffe filed two motions for new trial, one pertaining to the possession charge and the other
to the DWI charges. For simplicity, they will be referred to collectively as one motion.


e former Tex. R. App. P. 31. The Texas Court of
Criminal Appeals recently addressed the issue of potential error by a trial court in failing to conduct a
hearing on a motion for new trial. See Baker v. Texas, No. 72,225, slip op. at 8 (Tex. Crim. App. May
21, 1997). In Baker, the appellant argued that the trial judge erred in not hearing appellant's motion for
new trial within the required seventy-five days. Without objection from appellant, the trial court set the
hearing for a date outside the seventy-five day period. The Court of Criminal Appeals held that, by failing
to object to the untimely setting, appellant failed to preserve his complaint that the trial judge should have
held a timely hearing. Id. 

 Likewise, there is no indication in the appellate record that McAuliffe objected to the trial
court's failure to set a hearing date. As this Court previously has stated, "the responsibility for obtaining
a setting for such a hearing falls on the party seeking it, not on the trial judge." Oestrick v. State, 939
S.W.2d 232, 235 (Tex. App.--Austin 1997, pet. ref'd). Accordingly, we hold that McAuliffe has failed
to preserve his complaint that the trial court was required to conduct a hearing. See former Tex. R. App.
P. 52(a).

 More importantly, a defendant is not entitled to a hearing on a motion for new trial unless
a matter, not determinable from the record and upon which the defendant could be entitled to relief, is
raised. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). McAuliffe's motion for new trial
does not complain about the revocation proceedings. Rather, McAuliffe's complaints in his motion are
directed toward the effectiveness of his counsel and voluntariness of his guilty pleas at the original trial. Trial
was held, and sentence imposed, ten months before the court revoked community supervision and
McAuliffe filed the motion. This is certainly well outside the thirty days in which McAuliffe was statutorily
required to file his motion. See former Tex. R. App. P. 31(a)(1); Ex parte Alaniz, 931 S.W.2d 26, 29
(Tex. App.--Corpus Christi 1996, no pet.) (sentence of community supervision begins running of time
period for filing motion for new trial). Had we not disposed of McAuliffe's contention because he failed
to preserve error, we would have rejected his argument on the basis that the motion is untimely and does
not raise matters which, even if true, would entitle him to relief. 

 Finally, we further note that a court does not err by failing