

# NUMBERS
# 13-12-00284-CR
# 13-12-00285-CR
# 13-12-00286-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**DON WILLOUGHBY STEPHENS III,**                                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                **Appellee.**

**On appeal from the 75th District Court
of Liberty County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

After appellant, Don Willoughby Stephens III, pleaded true to the charge of public intoxication, the trial court revoked his probation for his convictions for: criminal mischief (appellate cause number 13-12-00284-CR), *see* TEX. PEN. CODE ANN. § 28.03 (West 2011); evading arrest (appellate cause number 13-12-00285-CR), *see id.* § 38.04 (West 2011); and burglary of a building (appellate cause number 13-12-00286-CR), *see id.* §

30.02 (West 2011). Subsequently, the trial court ordered Stephens's sentences to run consecutively. By two issues, Stephens appeals the revocation of his probation and the order that the sentences run consecutively. In cause number 13-12-00284-CR, we affirm, and, in cause numbers 13-12-00285-CR and 13-12-00286-CR, we modify the judgments and affirm as modified.[1]

## I. BACKGROUND

Stephens pleaded guilty to criminal mischief—shooting and killing a deer on March 6, 2006 and was placed on deferred adjudication for five years. *See id.* § 28.03. On May 9, 2007, Stephens then pleaded guilty to evading arrest or detention and was sentenced to serve two years in the Texas Department of Criminal Justice—State Jail Division ("State Jail"), probated for five years. *See id.* § 38.04. On March 3, 2010, Stephens pleaded guilty to burglary of building and was sentenced to serve eighteen-months in State Jail. *See id.* § 30.02. On March 30, 2010, Stephens's probation was revoked for his evading arrest conviction, and he was sentenced to eighteen-months in State Jail. On this same date, Stephens was adjudicated guilty on the criminal mischief charge and was also sentenced to eighteen-months in State Jail. The trial court ordered all three sentences to run concurrently. On September 10, 2010, after serving part of his sentences in state jail, Stephens was placed on shock probation for a period of five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (West Supp. 2011). Ninety-eight days later, on December 17, 2010, the trial court issued an order of discharge terminating Stephens's probation.

However, on January 12, 2011, the trial court granted the State's motion to set aside the discharge order and placed Stephens back on probation. The trial court found

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001 (West 2005).

that it retained plenary power and jurisdiction over the discharge order for thirty days and, therefore, had authority to enter the set aside order. The trial court concluded that the discharge order "has at all times been void, invalid, and illegal and without any force and effect" under Texas Code of Criminal Procedure article 42.12, section twenty because Stephens had not completed at least one-third of his probation term. *See id.* § 20.

On March 16, 2012, after Stephens pleaded true to the allegation that he committed the offense of public intoxication, the trial court held a hearing and revoked his probation for all three convictions. Stephens was then sentenced to serve the original eighteen month terms in State Jail for his burglary and evading arrest convictions and a reformed term of one year for his criminal mischief conviction. The trial court ordered Stephens to serve these sentences consecutively.

## II.    CONSECUTIVE SENTENCES

In his first issue, Stephens challenges the trial court's ruling that he serve his sentences for all three of his convictions consecutively. He contends that, under Texas law, the trial court possessed no authority to cumulate his sentences because the trial court had originally pronounced that the sentences would run concurrently, and he had already started serving the concurrent sentences.

### A.    Applicable Law

"When a court grants shock probation under the provisions of [article] 42.12, [section] 3e, it suspends the execution rather than the imposition of the sentence." *O'Hara v. State*, 626 S.W.2d 32, 35 (Tex. Crim. App. 1981). In these circumstances, "the defendant actually serves a portion of the sentence. The convicting court may then suspend the execution of the remainder of the sentence." *Id.* It follows, therefore, that

a new sentence is not imposed or executed if the probation is revoked; instead, the suspension of the execution of the sentence is lifted, and the defendant continues to serve his previously ordered sentence. *See Id.* A cumulation order increases the length of the term of a sentence; therefore, in the context of a shock probation revocation, a cumulation order violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and article 1, section 14 of the Texas Constitution by inflicting additional punishment on a defendant who has already started serving a sentence for the same offense. *See Ex parte Reynolds*, 462 S.W.2d 605, 607 (Tex. Crim. App. 1970); *see also Van Nguyen v. State*, Nos. 01-01-01132-CR, 01-01-01222-CR, 2002 Tex. App. LEXIS 8581, at *3 (Tex. App.—Houston [1st Dist.] Dec. 5, 2002, pet ref'd) (mem. op., not designated for publication). Accordingly, under Texas law, "a court may not add a cumulation order onto a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed. Such an attempted cumulation order is null and void and of no legal effect." *O'Hara,* 626 S.W.2d at 35.

This Court has consistently recognized and applied the rule in *O'Hara*. *See Gonzalez v. State*, 683 S.W.2d 791, 792 (Tex. App.—Corpus Christi 1984, no pet.); *see also Ex parte Alaniz*, 931 S.W.2d 26, 29 (Tex. App.—Corpus Christi 1996, no pet.) (finding that a trial court violated the double jeopardy clause by holding a hearing after a defendant had already entered a plea of guilty and citing *Gonzalez* as an example of how double jeopardy limits the powers of courts after a sentence is imposed). For example, in *Gonzalez*, we set aside a cumulation order when appellant's probation had been revoked and his sentence, which he started serving prior to being placed probation, had initially been ordered to run concurrently. *Gonzalez*, 683 S.W.2d at 792.

4

**B.     Analysis**

The facts of this case are similar to those in *Gonzalez*. *See id.* Here, the trial court originally ordered the sentences to run concurrently. Stephens then began serving the sentences, but was subsequently released on probation. However, after finding that Stephens violated the terms of his probation, the trial court revoked the probation and, this time, ordered the sentences to run consecutively.

By placing Stephens on shock probation, the trial court suspended the execution of the remainder of Stephens's sentences, which Stephens had already begun serving. *See O'Hara*, 626 S.W.2d at 35. Therefore, when the trial court revoked Stephens's probation, a new sentence could not be imposed or executed. *See id.* Instead, the suspension of the execution of the sentences was lifted, and Stephens should have continued to serve his sentences concurrently as previously ordered. *See id.* Accordingly, the trial court had no authority to cumulate Stephens's sentences. *See id.*; *Gonzalez*, 683 S.W.2d at 792–93. Therefore, we sustain Stephens's first issue.

### III.     DUE PROCESS

In his second issue, Stephens contends that the March 16, 2012 order to set aside the order discharging his probation is void because the trial court deprived him of his due process rights by not affording him notice or holding a hearing before it entered the order. However, Stephens has cited no authority, and we find none, supporting a conclusion that due process affords him a right to notice or a hearing in these circumstances.[2] Therefore, we are unable to reverse the revocation order on this basis.

---

[2] For his due process argument, appellant only cites *Perry v. Del Rio* in which the Supreme Court of Texas held that due course of law required a trial before a court could adopt a legislative redistricting plan. *See Perry v. Del Rio,* 67 S.W.3d 85, 93−95 (Tex. 2001). To the extent that Stephens makes an argument that his rights were violated under the Texas Constitution's Due Course of Law Clause, we conclude that argument is inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (providing that briefs must include clear and concise argument with citation to appropriate authority).

5

Moreover, Texas law establishes that a trial court's decision regarding the discharge of probation is considered a probation modification. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (West 2012) (establishing that a trial court "may, at any time, during the period of [probation] alter or modify the conditions"); *Christopher v. State*, 7 S.W.3d 224, 225 n. 1 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (reasoning that a trial court's order extending probation for an additional year is a "modification of the conditions of probation" under the Texas Code of Criminal Procedure); *see also Dwyer v. State*, No. 08-01-00004-CR, 2002 Tex. App. LEXIS 9380, at *2 (Tex. App.—El Paso Jan. 10, 2002, pet. dism'd) (mem. op., not designated for publication) (finding that the denial of a motion for early termination of probation was a probation modification and not a final order). As a probation modification, such an order does not require a hearing to comport with due process.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20 (West 2012) (granting a judge authority to terminate probation after a defendant has completed the lesser of one-third or two years of his original term); *Sanchez v. State*, 603 S.W.2d 869, 870 (Tex. Crim. App. 1980) (finding that a trial court is not required to hold a hearing prior to enacting a probation modification); 4 JOHN M. SCHMOLESKY, TEXAS CRIMINAL PRACTICE GUIDE § 82.02 (2012) (explaining that "the Texas Code of Criminal Procedure Article 42.12 Section 20 does not give either party a right to demand a hearing and no remedy is specified if the court fails to conduct the review"). This is consistent with Texas jurisprudence vesting trial court judges with discretion to modify

---

[3] While the statute does require the court to provide the defendant with notice before reduction or termination of probation, failure to comply with this provision would be a statutory violation and would not trigger any constitutional right. *See Villescas v. State,* 189 S.W.3d 290, 294 (Tex. Crim. App. 2006) (distinguishing the notice that is required by statute from the notice that is constitutionally required). Because appellant has not raised an issue regarding a statutory violation in this appeal, the Court will not consider it. *See* TEX. R. APP. P. 38.1(i) (providing that briefs must include clear and concise argument with citation to appropriate authority).

terms of probation and enabling courts flexibility to alter post-judgment conditions for alternative sentences. *Sanchez*, 603 S.W.2d at 870; *see Gutierrez v. State*, 354 S.W.3d 1, 4 (Tex. App.—Texarkana 2011), *aff'd,* 380 S.W.3d 167 (Tex. 2012) (explaining that an "award of probation is not a right, but a contractual privilege").

Here, the decision whether or not to discharge Stephens from probation is considered a probation modification within the discretion of the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (West Supp. 2011); *Christopher*, 7 S.W.3d at 225 n. 1; *see also Dwyer*, 2002 Tex. App. LEXIS 9380, at *2. Accordingly, no notice or hearing was required to comport with due process. *See* TEX. CODE CRIM. PROC. art. 42.12, § 11 (West 2012); *Sanchez,* 603 S.W.2d at 870.

Therefore, we overrule Stephens's second issue.

## IV. CONCLUSION

In appellate cause numbers 13-12-00285-CR and 13-12-00286-CR, we modify the trial court's judgments by striking the cumulation orders from the judgments and affirm as modified. In appellate cause number 13-12-00284-CR, we affirm.[4]

 

ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of March, 2013.

---

[4] We need not modify the judgment in appellate cause number 13-12-00284-CR because the judgment revoking probation correctly states that the sentence shall run concurrently.

7