**Michael Phillip O'HARA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 68532, 68533.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 4, 1981.

Rehearing Denied Jan. 20, 1982.

---

Jake Cook, Fort Worth, court appointed, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Tom Myers, Charlie Roach and Michael Worley, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

### OPINION

ROBERTS, Judge.

These are appeals from orders revoking probation. On May 2, 1979, the appellant pleaded guilty to a charge of forgery in Cause No. 16211W (our Cause No. 68,532) and to a charge of possession of heroin in Cause No. 16263 (our Cause No. 68,533). The appellant judicially confessed to both charges; the trial court found him guilty of both. The court followed the State's recommendation and assessed punishment in each case at confinement for three years in the Texas Department of Corrections. The sentences were to run concurrently. Formal sentencing took place the same day.

On July 13, 1979, counsel for the appellant properly filed a motion to place the appellant on "shock probation" pursuant to Art. 42.12, Sec. 3e(a), V.A.C.C.P. The trial court ordered that the appellant be returned from TDC, and, on August 10, 1979, placed him on probation in both causes for three years.

On September 12, 1980, the State filed a motion to revoke probation which alleged that the appellant had violated the condition of his probation that he commit no offense against the laws of this State. The

court held a hearing on this motion on December 3. The appellant pleaded true to the allegation in the motion that he had committed the offense of theft in Harris County on August 13, 1980. The State offered into evidence copies of the indictment, judgment, and sentence in Cause No. 320042 in the 230th District Court of Harris County. These showed that the appellant had been convicted of the offense of theft and, on October 3, 1980, had received a sentence of confinement for three years in TDC. The sentence was ordered to run concurrently "with a cause out of Tarrant County."

Based upon this evidence, the court ordered the appellant's probation revoked in Cause No. 16211W (our Cause No. 68,532) and Cause No. 16263 (our Cause No. 68,533). He further ordered that the sentence in Cause No. 16263 (our Cause No. 68,533) was to be served consecutive to that in Cause No. 16211W (our Cause No. 68,532) and consecutive to that in Cause No. 320042 from Harris County.

In these appeals the appellant does not attack the validity of the original convictions. In three grounds of error he contends that the trial court improperly cumulated his sentences when the court revoked his probations. We agree.

Under Art. 42.12, Sec. 3e, V.A.C.C.P., the courts of this State have the power to place a defendant on "shock probation." That section provides:

"(a) For the purposes of this section, the jurisdiction of the courts in this state in which a sentence requiring confinement in the Texas Department of Corrections is imposed for conviction of a felony shall continue for 120 days from the date the execution of the sentence actually begins. After the expiration of 60 days but prior to the expiration of 120 days from the date the *execution of the sentence actually begins*, the judge of the court that imposed such sentence may, on his own motion or on written motion of the defendant, *suspend further execution of the sentence imposed* and place the defendant on probation under the terms and conditions of this article, if such sentence is otherwise eligible for probation under this article and prior to the execution of such sentence, the defendant had never been incarcerated in a penitentiary serving a sentence for a felony and in the opinion of the judge the defendant would not benefit from further incarceration in a penitentiary. Probation may be granted under this section only if the offense for which the defendant was sentenced was an offense other than criminal homicide, rape, or robbery.

"(b) When the defendant files a written motion requesting suspension by the court of further execution of the sentence and placement on probation, or when requested to do so by the judge, the clerk of the court shall request a copy of the defendant's record while incarcerated from the Texas Department of Corrections. Upon receipt of such request, the Texas Department of Corrections shall forward to the court, as soon as possible, a full and complete copy of the defendant's record while incarcerated." (Emphasis added)

As Presiding Judge Onion recently stated,

"Some confusion may exist between the requirement of Article 42.12, Sec. 3, V.A. C.C.P., that in granting probation the court should suspend the imposition of the sentence, and the specific requirement of Sec. 3e(a) relating to 'shock probation' that the court shall suspend the 'further execution of the sentence imposed ....'"

*Tamez v. State*, 620 S.W.2d 586, 588, n. 3 (Tex.Cr.App.1981). The trial court here evidently confused the two provisions when he ordered the appellant's two sentences to run consecutively after the court revoked the appellant's probation.

In *Gordon v. State*, 575 S.W.2d 529 (Tex. Cr.App.1978) (Opinion on Rehearing); and *Spencer v. State*, 503 S.W.2d 557 (Tex.Cr. App.1974), we held that a court was free to cumulate a sentence with other outstanding sentences when it revoked a probationer's probation. However, in each of those cases

the *imposition* of sentence had been suspended at the time the defendant was placed on probation. Sentence was imposed for the first time following the revocation.

■ When a court grants shock probation under the provisions of Art. 42.12, Sec. 3e, V.A.C.C.P., it suspends the *execution*, rather than the *imposition* of the sentence. The defendant actually serves a portion of the sentence. The convicting court may then suspend the execution of the remainder of the sentence.

■ We have held that a court may not add a cumulation order onto a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed. Such an attempted cumulation order is null and void and of no legal effect. *Ex parte Voelkel,* 517 S.W.2d 291 (Tex.Cr.App.1975); *Ex parte Brown,* 477 S.W.2d 552 (Tex.Cr.App.1972); *Ex parte Reynolds,* 462 S.W.2d 605 (Tex.Cr. App.1971).

■ We find these cases to be controlling when probation is revoked after a defendant has been placed on shock probation. Since a defendant must actually serve a portion of his sentence before being placed on probation pursuant to Art. 42.12, Sec. 3e, V.A.C.C.P., upon the revocation of that probation the convicting court has no power to cumulate any sentence not originally ordered to be served cumulatively. The cumulation order of the trial court in Cause No. 16263 (our Cause No. 68,533) must be set aside.

■ In one ground of error, the appellant contends that the trial court erred in allowing the State to amend its motion to revoke probation. Art. 42.12, Sec. 8(a), V.A.C.C.P., provides, in pertinent part:

"The state may amend the motion to revoke probation any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the state amend the motion after the commencement of taking evidence at the hearing."

In these cases, after the State had presented its evidence, the appellant moved for a dismissal of the State's motions to revoke probation. The basis of the appellant's dismissal motion was that the State's motions alleged that the appellant had unlawfully appropriated property with the intent to "depirve" the owner, but that the proof showed that he did so with intent to deprive. The trial court pointed out that this was obviously a typographical error, then granted the State's motion to amend its motion to revoke probation.

The trial court erred in allowing the State's amendment after the commencement of the taking of evidence. The commands of Art. 42.12, Sec. 8(a), V.A.C.C.P., are clear. However, this error was harmless under the circumstances.

The State's original motion was not fundamentally defective. It gave the appellant fair notice of the allegations so that he could prepare his defense. *Ablon v. State,* 537 S.W.2d 267 (Tex.Cr.App.1976). There was no motion to quash the revocation motion. We do not think that the misspelling affected the meaning of the revocation motion or that it misled the appellant. This ground of error is overruled.

For the reasons stated, the cumulation order in Cause No. 16263 (our Cause No. 68,533) is set aside. In all other respects, the judgments in both cases are affirmed. A copy of this opinion will be delivered to the Director of the Texas Department of Corrections.