**Larry YBANEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–88–549–CR to 13–88–556–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 11, 1989.

Juan Martinez Gonzales, Beeville, for appellant.

C. F. Moore, Dist. Attorney's Office, Beeville, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

OPINION

DORSEY, Justice.

The issue presented is whether a trial court may, upon revoking probation, order the sentences to be served consecutively, when there had been no such provisions in the original orders placing appellant on probation.

Appellant, Larry Ybanez, was charged with burglary of a vehicle by seven separate indictments in Cause Nos. 2592, 2593, 2594, 2595, 2596, 2597, and 2598. He was also charged with burglary of a habitation by two indictments in Cause Nos. 2599 and 2600. Appellant pleaded guilty to all charges.

On April 8, 1987, the trial court sentenced appellant to three years' imprisonment in Cause No. 2592. That same day, the court assessed ten-year probated sentences for Cause Nos. 2593–2600. The judgments suspending imposition of sentence and placing appellant on probation did not provide for a cumulation of sentences.

On October 5, 1988, the trial court revoked appellant's probation in each case. In Cause No. 2393 (our 13–88–549–CR), the court sentenced appellant to ten years' imprisonment beginning June 4, 1988. In revoking probation in Cause No. 2394 (our 13–89–550–CR), the court ordered a ten-year sentence to begin at the expiration of the sentence in Cause No. 2593; it then "stacked" a third ten-year sentence for Cause No. 2595 to begin at the expiration of the sentence in Cause No. 2594. The sentences in Cause Nos. 2596–2600 were to run concurrently with the sentence imposed

in Cause No. 2595. By two points of error, appellant now challenges the propriety of the court's cumulation of sentences. We affirm.

Citing *O'Hara v. State*, 626 S.W.2d 32 (Tex.Crim.App.1981), appellant asserts by his first point of error that the trial court had no authority to stack his sentences following the revocation of his probation. In *O'Hara*, the defendant was found guilty of forgery and possession of heroin and was sentenced to serve three years in prison for both crimes, the sentences to run concurrently. *After the defendant had served approximately two months of his sentence*, his counsel filed a motion to place him on three years of shock probation in both causes, which the trial court granted. One year later, the court revoked the defendant's probation and ordered that he serve consecutive three-year prison sentences for each cause. The Court of Criminal Appeals set the cumulation order aside, holding that a court may not add a cumulation order onto a sentence already imposed after the defendant has suffered punishment (i.e. two months of his prison term) under the sentence as it was originally assessed. *Id.* at 35. The Court further held, however, that a trial court is free to cumulate a sentence with other outstanding sentences when it revokes a defendant's probation if the imposition of the sentences are immediately suspended via a probation order *before* the defendant begins to serve time in prison. *Id.; see also Gordon v. State*, 575 S.W.2d 529, 535 (Tex. Crim.App.1978). This is true even though the original judgment suspended imposition of sentence and granting probation does not provide for cumulation of sentences. *O'Hara*, 626 S.W.2d 32.

Here, appellant's ten-year sentences in Cause Nos. 2593, 2594, and 2595 were suspended on the same day that formal sentencing took place; thus, appellant served no time in prison for any of these causes until after sentence was imposed for the first time following the revocation of probation. Although appellant did serve time for Cause No. 2592, the sentence for that cause was not stacked with other sentences and was not part of the complained-of cumulation order. The trial court did not err in ordering the sentences to be served consecutively in Cause Nos. 2593–2595. *McCullar v. State*, 676 S.W.2d 587, 588 (Tex.Crim.App.1984); *O'Hara*, 626 S.W.2d at 34–35. Point of error one is overruled.

■ Appellant argues by his second point that the cumulation orders in Cause Nos. 2594 and 2595 are void since they do not contain all the requirements of a valid order. The order in Cause No. 2594, issued by the trial court of the 156th Judicial District of Live Oak County, reads as follows:

> It is further ordered that said sentence do begin and operate from the date when Judgment and sentence in Cause No. 2593 filed in the 156th Judicial District Court of Live Oak County, Texas, styled THE STATE OF TEXAS VS. LARRY YBANEZ wherein the defendant was convicted of the offense of Burglary of a Vehicle (TPC 30.04) ceases to operate, in accordance with Sec. 42.08 of the Texas Code of Criminal Procedure.

The order in Cause No. 2595, also issued by the 156th Judicial District Court, is identical to the one above, except "Cause No. 2594" is substituted for "Cause No. 2593."

It has been held that an order of cumulation *should* provide: 1) the number of the prior conviction, 2) the correct name of the court in which the prior conviction was had, 3) the date of the prior conviction, 4) the term of years assessed in the prior case, and 5) the nature of the prior conviction. *Ex Parte Jordan*, 562 S.W.2d 483, 484 (Tex.Crim.App.1978). Appellant contends that since the cumulation orders fail to supply the date of the prior convictions and the term of years assessed in those cases, they are not specific enough to guide corrections officials in executing sentences.

The Court of Criminal Appeals, however, has held otherwise. In *Hamm v. State*, 513 S.W.2d 85, 86–87 (Tex.Crim.App.1974), the Court said:

> Further, this Court has held sufficient cumulation orders although reference is made only to the previous case number provided the order was in the same court

as the sentence to which it is made cumulative. While such form is certainly not to be recommended, it has been held that the rule of certainty as to the beginning and ending of each sentence is not so strict as it is when sentences sought to be cumulated are from different courts. (citations omitted) quoting *Ex Parte March*, 423 S.W.2d 916, 919 (Tex.Crim. App.1986).

Here, the cumulation orders were issued from the same court as were the original judgments in Cause Nos. 2593–2595. Since the orders provided not only the cause numbers of the prior convictions (as required by *Hamm)*, but also the name of the court where the convictions were had and the nature of the prior offenses, we find the cumulation orders to be sufficient. *See Hamm*, 513 S.W.2d at 87. We overrule point two.

Appellant's motions to file supplemental transcripts are granted. The judgment of the trial court is AFFIRMED.