TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00253-CR

Samantha Elaine Hazelrig Leinweber, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT

NO. 94-211, HONORABLE JACK ROBISON, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded guilty to an indictment accusing her of four counts of theft of
property having a value of $750 or more but less than $20,000. Act of May 23, 1991, 72d Leg.,
R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003 (Tex. Penal Code Ann. § 31.03(e)(4)(A), since
amended). The district court adjudged appellant guilty and assessed punishment for each count
at imprisonment for ten years.

 The four thefts were committed in August and October 1992. Nevertheless,
appellant contends in her first point of error that the district court erred by overruling her motion
to be sentenced pursuant to section 31.03 as amended effective September 1, 1994. Based on the
stipulated evidence, three of the four counts would be state jail felonies and the fourth count would
be a class A misdemeanor if the amended statute were applicable. See Tex. Penal Code Ann. §
31.03(e)(3), (4)(A) (West 1994).

 In an opinion delivered today, we consider and overrule an identical point of error
in appellant's appeal from another Caldwell County theft conviction. Leinweber v. State, No. 03-94-00707-CR (Tex. App.--Austin Sept. 13, 1995, no pet. hist.) (not designated for publication). 
For the reasons stated in that opinion, point of error one is overruled.

 The sentence in this cause was ordered to begin after the sentences imposed in two
previous convictions have ceased to operate. Tex. Code Crim. Proc. Ann. art. 42.08(a) (West
Supp. 1995). In her remaining point of error, appellant contends the cumulation order is void
because it fails to sufficiently identify the previous convictions. 

 Ideally, a cumulation order should describe the previous conviction by cause
number, trial court, date of conviction, length of sentence, and offense, but the omission of one
or more of these elements is not necessarily fatal. Bell v. State, 774 S.W.2d 371, 376 (Tex.
App.--Austin 1989, pet. ref'd). The order in this cause contains all of the desired information
except the length of the prior sentences. The order is sufficient. Ybanez v. State, 770 S.W.2d
106, 108 (Tex. App.--Corpus Christi 1989, pet. ref'd). Point of error two is overruled.

 The judgment of conviction is affirmed.

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: September 13, 1995

Do Not Publish