TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00062-CR







Adrian Terril Huff, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 40,411, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







PER CURIAM


 In November 1991, after accepting appellant's plea of guilty to an indictment
accusing him of burglary of a habitation, the district court found that the evidence substantiated
appellant's guilt, deferred further proceedings without adjudicating guilt, and placed him on
probation. After a hearing in January 1996, the court revoked appellant's probation, adjudicated
him guilty, and assessed punishment at imprisonment for twenty-five years. The court cumulated
the sentence in this cause with the sentence in Coryell County cause number 13,328.

 By his first point of error, appellant contends the State failed to prove the probation
violations alleged in the motion to revoke. This contention presents nothing for review. No
appeal may be taken from the determination to proceed to adjudication. Phynes v. State, 828
S.W.2d 1 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992); Daniels v. State, 615 S.W.2d 771 (Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (West Supp. 1996). After adjudication of guilt, all proceedings, including the
appeal, continue as if the adjudication of guilt had not been deferred. Art. 42.12, § 5(b). Point
of error one is overruled.

 Appellant's remaining point of error challenges the cumulation order. Appellant
first contends the court was not authorized to cumulate the sentence, citing O'Hara v. State, 626
S.W.2d 32 (Tex. Crim. App. 1981). This opinion holds that a cumulation order may not be
added to a judgment after sentence has been imposed and the defendant has suffered punishment. 
O'Hara is not on point because appellant was placed on probation before sentence was imposed. 
Sentence was not imposed in this cause until after appellant's probation was revoked and his guilt
was adjudicated. Under these circumstances, the court was authorized to make the cumulation
order. McCullar v. State, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984); Tex. Code Crim. Proc.
Ann. art. 42.08(a) (West Supp. 1996).

 Appellant further contends the Coryell County conviction was not adequately
proved. A certified copy of the judgment in Coryell County cause number 13,328 was introduced
in evidence at the adjudication hearing. Appellant's identity as the person convicted was
demonstrated by fingerprint evidence. Contrary to appellant's argument, it was not necessary for
the State to reoffer this evidence during the subsequent hearing at which appellant's punishment
was assessed and sentence imposed. There is no requirement that evidence admitted at the guilt
stage be reoffered for consideration at punishment. Buchanan v. State, 911 S.W.2d 11, 13 (Tex.
Crim. App. 1995). Turner v. State, 733 S.W.2d 218 (Tex. Crim. App. 1987), the opinion on
which appellant relies, is not on point because the court below did not take judicial notice of the
Coryell County conviction. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: July 17, 1996

Do Not Publish



SPAN>







NO. 03-96-00062-CR







Adrian Terril Huff, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 40,411, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







PER CURIAM


 In November 1991, after accepting appellant's plea of guilty to an indictment
accusing him of burglary of a habitation, the district court found that the evidence substantiated
appellant's guilt, deferred further proceedings without adjudicating guilt, and placed him on
probation. After a hearing in January 1996, the court revoked appellant's probation, adjudicated
him guilty, and assessed punishment at imprisonment for twenty-five years. The court cumulated
the sentence in this cause with the sentence in Coryell County cause number 13,328.

 By his first point of error, appellant contends the State failed to prove the probation
violations alleged in the motion to revoke. This contention presents nothing for review. No
appeal may be taken from the determination to proceed to adjudication. Phynes v. State, 828
S.W.2d 1 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992); Daniels v. State, 615 S.W.2d 771 (Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (West Supp. 1996). After adjudication of guilt, all proceedings, including the
appeal, continue as if the adjudication of guilt had not been deferred. Art. 42.12, § 5(b). Point
of error one is overruled.

 Appellant's remaining point of error challenges the cumulation order. Appellant
first contends the court was not authorized to cumulate the sentence, citing O'Hara v. State, 626
S.W.2d 32 (Tex. Crim. App. 1981). This opinion holds that a cumulation order may not be
added to a judgment after sentence has been imposed and the defendant has suffered punishment. 
O'Hara is not on point because appellant was placed on probation before sentence was imposed. 
Sentence was not imposed in this cause until after appellant's probation was revoked and his guilt
was adjudicated. Under these circumstances, the court was authorized to make the cumulation
order. McCullar v. State, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984); Tex. Code Crim. Proc.
Ann. art. 42.08(a) (West Supp. 1996).

 Appellant further contends the Coryell County conviction was not adequately
proved. A certified copy of the judgment in Coryell County cause number 13,328 was introduced
in evidence at the adjudication hearing. Appellant's identity as the person convicted was
demonstrated by fingerprint evidence. Contrary to appellant's argument, it was not necessary for
the State to reoffer this evidence during the subsequent hearing at which appellant's punishment
was assessed and sentence imposed. There is no requirement that evidence admitted at the guilt
stage be reoffered for consideration at punishment. Buchanan v. State, 911 S.W.2d 11, 13 (Tex.
Crim. App. 1995). Turner v. State, 733 S.W.2d 218 (Tex. Crim. App. 1987), the opinion on
which appellant relies, is not on point because the court below did not take judicial notice of the
Coryell County conviction. Point of error two is overruled.

 The judgment of conviction is affirmed.


Befor