Marvin Wade, et al. v. Brent Button, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-249-CV

     MARVIN WADE, ET AL.,
                                                                              Appellants
     v.

     BRENT BUTTON, ET AL.,
                                                                              Appellees
 

From the 66th District Court
Hill County, Texas
Trial Court # 35452
                                                                                                                
  
MEMORANDUM OPINION
                                                                                                                
 
      Appellant Wade filed a law suit in which Appellee Michael Cosby was named a defendant. 
A summary judgment was granted in Cosby’s favor on March 20, 1998. Apparently, it was not
severed from the claims against the remaining defendants. On August 11, 1998, a summary
judgment was granted, purporting to resolve the case in its entirety. Wade filed a notice of appeal
from the “final judgment.” Cosby has filed a motion to dismiss in which he states that Wade’s
appeal is not intended to appeal the interlocutory summary judgment against him, but rather
intends only to appeal the final judgment as it pertains to parties to the second summary judgment. 
Cosby asserts that Wade does not object and has informed him that he never intended Cosby to
be a party to this appeal. 
      We have waited two weeks and have not received a response from Wade. Accordingly, we
dismiss the appeal to the extent it may be considered to challenge the summary judgment rendered
in favor of Cosby. The remainder of Wade’s claims will be addressed according to the usual
appellate timetable. See Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d 821, 823 (Tex.
1985). All costs of court expended by Cosby on appeal are hereby taxed against Appellant Wade.
                                                                                 PER CURIAM
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Dismissed
Opinion delivered and filed December 23, 1998
Do not publish 



en a motor vehicle without a driver's license
and insurance, had failed to make payments to the probation office, and had failed to perform
community service. Then the trial court took judicial notice of the evidence in the deadly conduct
case and found true the allegations in the possession of cocaine case, and thereupon revoked the
probations in both cases and sentenced Appellant to ten years confinement in the deadly conduct
case and ten years in the possession of cocaine case with the ten years in the possession of cocaine
case to begin to be served after the sentence in the deadly conduct case had ceased to operate.
      Appellant comes to this court on three points of error, in all of which points he complains of
the trial court's ordering the possession of cocaine case to be consecutive with the sentence in the
deadly conduct case. Appellant contends that the two sentences should have been made to run
concurrently.
      His first point asserts this order of the court was error because it violated the plea-bargain
agreement entered into when Appellant pled guilty. In his second point he argues that the order
was erroneous because a portion of the sentence in the deadly conduct sentence had already been
served. In his third and final point he says the trial court's order was erroneous because same was
not sufficient. We overrule all of Appellant's points and contentions and affirm the trial court's 
judgments.
      We revert to Appellant's first point. His plea of guilty in the deadly conduct case, as well as
in the possession of cocaine case, was preceded by a plea-bargain agreement in which he contends
that there was an agreement that at revocation of probation that the sentences in both cases would
run concurrently. Because of this, he says the trial court erred in cumulating these two sentences. 
We do not agree.
      In the first place there is nothing in the plea-bargain agreement in either case nor in the record
as a whole to show that having Appellant's sentences running concurrently at a future revocation
was a part of either of such plea-bargain agreements. It is clear that each plea-bargain agreement
provided that the two probations are to run concurrently with each other. There is nothing in either
plea-bargain agreement wherein it is provided that the sentences in both cases would run
concurrently in the event the probations are revoked in the future.
      If a plea-bargain agreement fails to address certain matters, the party to the agreement has no
right to demand performance of terms not appearing in the agreement or record. Mills v. State,
799 S.W.2d 447 (Tex. App.—Corpus Christi 1990, pet. ref'd); Ex parte Williams, 758 S.W.2d
785, 786 (Tex. Crim. App. 1988).
      When sentence is imposed, it is within the discretion of the court whether to cumulate sentences
or not. Tex. Code Crim. Proc. Ann. art. 42.08. Sentence is not imposed until probation is
revoked in which case the court may proceed to dispose of the case as if there had been no
probation. McCullar v. State, 676 S.W.2d 587 (Tex. Crim. App. 1984).
      Moreover, Appellant did not object to the imposition of consecutive sentences at the revocation
hearing to preserve any error and has thereby waived same. Tex. R. App. P. 52(a).
      The fact that the probationary periods were running concurrently does not affect whether the
final sentences are to run consecutively. Burns v. State, 835 S.W.2d 733, 737 (Tex. App.—Corpus
Christi 1992, pet. ref'd).
      In the case at bar, the trial court did not violate the plea agreement but exercised its discretion
to cumulate Appellant's sentences at the proper time, namely, after revocation of Appellant's
probation. A trial court's discretion must be exercised at the time sentence is pronounced and
imposed. Ex parte Vasquez, 712 S.W.2d 754 (Tex. Crim. App. 1986). Appellant's first point of
error is overruled.
      By Appellant's second point of error he contends the trial court erred in causing the sentence
in the possession of cocaine case to be served consecutively with the sentence assessed in the deadly
conduct case due to the fact that a portion of the sentence in the deadly conduct case had already
been served. He points out the rule that once a portion of a sentence has been served, there can
be no valid order to cumulate sentences, citing O'Hara v. State, 626 S.W.2d 32 (Tex. Crim. App.
1982).
      We agree that O'Hara states the above rule, but this rule does not apply in the case at bar. 
Here, Appellant was ordered to serve thirty days in jail as a part of his probation in the deadly
conduct case. At that time no sentence had been imposed. When a court suspends a sentence and
instead places a defendant on probation, no sentence has been imposed. Burns v. State, 835
S.W.2d 733, 737 (Tex. App.—Corpus Christi 1992, pet. ref'd). When the probation is revoked,
the sentence is imposed for the first time. Id.. at 737.
      Appellant is correct in saying that a court may not impose a cumulation order to an already-imposed sentence for which Appellant has already suffered a part of his punishment, yet in our case
jail time as a condition of probation took place before any sentence has been imposed. Appellant
cites O'Hara which holds that a cumulation order would not be permitted when the defendant had
his shock probation revoked, because in the case of shock probation, the sentence had already been
imposed and a part of the sentence had already been served. Shock probation merely suspends the
execution of a sentence rather than the imposition of a sentence, the latter being the situation in the
case at bar.
      Here, Appellant's thirty days served in jail as a condition of his probation occurred before his
sentence had been imposed and while his sentences were suspended on probation; therefore,
Appellant's second point of error is without merit and we overrule same.
      By his third and final point of error Appellant asserts that the complained-of cumulaton order
of the trial court is erroneous because the order of the court is not sufficient. We overrule this
point of error.
      Appellant merely states in his brief that the order was defective without providing any case law
or any other reason to explain why this order was defective.
      The pertinent portion of the nunc pro tunc sentence order in Cause No. 23,905-272 (the deadly
conduct case) reads as follows:
It is the order of the court that Jerome Allen Searcy, who has been adjudged guilty of the
felony offense of deadly conduct and whose punishment has been assessed by the Court
at confinement in the Institutional Division of the Texas Department of Criminal Justice
for a term of ten (10) years be and is hereby sentenced to confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of ten (10) years in
accordance with the laws governing the Institutional Division of the Texas Department of
Criminal Justice. The sentence in No. 24,148-272 in the 272nd Judicial District Court of
Brazos County, Texas, for the offense of Possession of a Controlled Substance for which
this Court sentenced the defendant to ten (10) years in the Institutional Division of the
Texas Department of Criminal Justice on August 8, 1996, shall begin when the judgment
and the sentence imposed in Cause No. 23,905-272 in the 272nd Judicial District Court
of Brazos County, Texas, for the offense of Deadly Conduct for which this Court
sentenced the defendant to ten years in the Institutional Division of the Texas Department
of Criminal Justice on August 8, 1996, has ceased to operate.
 
      Likewise, the pertinent portion of the nunc pro tunc sentence order in Cause No. 24,148-272
(the possession of cocaine case) is couched in similar language to that recited above, and provides
that the sentence in the possession of cocaine case will begin to run when the sentence in the deadly
conduct case ceases to operate.
      In Ward v. State, 523 S.W.2d 681 (Tex. Crim. App. 1975), our Court of Criminal Appeals
set out five recommended elements of a cumulation order:
            (1)  the trial court number of the prior conviction;
            (2)  the correct name of the court where the prior conviction was taken;
            (3)  the date of the prior conviction;
            (4)  the term of years of the prior conviction; and
            (5)  the nature of the prior conviction. Also see Williams v. State, 675 S.W.2d 754 (Tex.
Crim. App. 1984).
      The cumulation order in each case meets all of the above requirements listed by the Court of
Criminal Appeals.
      Finally, Appellant argues that even if the nunc pro tunc judgments signed by the trial court are
correct, they are null and void because once a sentence is imposed, the court is without authority
to alter that sentence. We do not agree. See Madrigal Rodriguez v. State, 749 S.W.2d 576, 580
(Tex. App.—Corpus Christi 1988, pet ref’d), holding that the courts of appeals and the Court of
Criminal Appeals have the authority to reform and correct cumulation orders when the necessary
data is contained in the record, citing Banks v. State, 708 S.W.2d 460 (Tex. Crim. App. 1986). 
In our case, no information was necessary since the nunc pro tunc sentences were sufficient. 
Appellant’s third point of error is overruled.
      The judgments of the trial court are affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)
 
Before Chief Justice Davis,
      Justice Vance and
      Justice James (Retired)
Affirmed
Opinion delivered and filed August 1, 1997
Do not publish