Opinion issued December 5, 2002







 





In The
Court of Appeals
For The
First District of Texas




NOS. 01-01-01132-CR 
         01-01-01222-CR




VAN NGUYEN a\k\a VAN THANH NGUYEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 875659 & 709784




O P I N I O N

          Appellant, Van Nguyen a\k\a Van Thanh Nguyen, pleaded guilty to the felony
offense of intoxication manslaughter. The jury found appellant guilty and assessed
punishment at 20 years’ confinement and a $5,000 fine. The trial court then revoked
appellant’s community supervision that had been assessed for a prior conviction of
felony driving while intoxicated (DWI), and assessed punishment at five years’
confinement. The trial court ordered appellant’s sentences to run consecutively. 
Appellant, in three points of error, asserts the trial court (1) lacked authority to stack
his DWI and intoxicated manslaughter sentences, (2) violated his double jeopardy
rights under the Fifth Amendment to the United States Constitution and article 1,
section 14 of the Texas Constitution, and (3) lacked authority to enter an affirmative
finding of a deadly weapon. We affirm. 
Statement of Facts
          In May of 1996, appellant was placed on five years’ community supervision
after he pleaded guilty to felony DWI. As a condition of his community supervision,
appellant was required to serve 10 days in jail. While on DWI community
supervision, appellant pleaded guilty to intoxication manslaughter. The trial court
then (1) revoked appellant’s DWI community supervision and assessed a five-year
sentence, (2) granted the State’s motion to cumulate and ordered the five-year-DWI
sentence to be served upon the completion of the 20-year sentence for intoxication
manslaughter, and (3) entered an affirmative finding in the judgment and conviction
that appellant used a deadly weapon, namely his car. 
 
Cumulation of Sentences
          In points of error one and two, appellant argues that the trial court erred by
cumulating his sentences assessed for DWI and intoxication manslaughter. 
Specifically, appellant contends the trial court (1) lacked authority to cumulate the
sentences because appellant was ordered to serve 10 days as a condition of his
community supervision sentence, and (2) violated his double jeopardy rights under
the Fifth Amendment to the United States Constitution and article 1, section 14 of the
Texas Constitution. 
          Appellant correctly notes that a trial court “may not add a cumulation order to
an already-imposed sentence for which the appellant has suffered a portion of her
punishment.” Burns v. State, 835 S.W.2d 733, 738 n. 5 (Tex. App.—Corpus Christi
1992, pet. ref’d). The court of criminal appeals has reasoned that, if a trial court was
allowed to enter such a cumulation order, the defendant’s constitutional right not to
be punished twice for the same offense would be violated. Ex parte Reynolds, 462
S.W.2d 605, 607 (Tex. Crim. App. 1970). Appellant argues that, because the trial
court ordered him to serve a 10-day sentence as a condition of his community
supervision, he has already “suffered a portion” of his punishment. We disagree.
          A complaint about consecutive sentences is reviewed under an abuse-of-discretion standard. See Macri v. State, 12 S.W.3d 505, 511 (Tex. App.—San
Antonio 1999, pet. ref’d); Harvey v. State, 821 S.W.2d 389, 392 (Tex.
App.—Houston [14th Dist.] 1991, pet. ref’d). “The legislature has by statute given
the trial judge the discretion to cumulate the sentences for two or more convictions.” 
Harvey, 821 S.W.2d at 392. Under article 42.08 of the Code of Criminal Procedure,
the trial court, in its discretion, may impose a cumulative or concurrent sentence when
a defendant has been convicted in two or more cases. See Tex. Code Crim. Proc.
Ann. art. 42.08(a) (Vernon Supp. 2002). “[A]n abuse of discretion generally will be
found only if the trial court imposes consecutive sentences where the law requires
concurrent sentences, where the court imposes concurrent sentences but the law
requires consecutive ones, or where the court otherwise fails to observe the statutory
requirements pertaining to sentencing.” Nicholas v. State, 56 S.W.3d 760, 765 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d). 
          Appellant relies on O’Hara v. State, 626 S.W.2d 32 (Tex. Crim. App. 1981),
to support his argument that he had already served part of his sentence. Applying the
court’s analysis in O’Hara, appellant compares shock probation to his confinement
as a community supervision condition. Appellant similarly argues that confinement
in state boot camp is indistinguishable from the punishment suffered before being
released on shock probation. Ex parte Barley, 842 S.W.2d 694, 695 (Tex. Crim. App.
1992). Appellant further asserts the dispositive feature between shock probation and
state boot camp is the same—a defendant is confined prior to a subsequent
community supervision revocation. Id. 
          We will address appellant’s argument by distinguishing between shock
probation and his confinement as a condition of community supervision. Under
shock probation, the defendant actually begins to serve his sentence. See Tex. Code
Crim. Proc. Ann. art. 42.12 §§ 6, 7 (Vernon Supp. 2002). Having served a shock
probation sentence, the defendant can then move to suspend further execution of the
sentence and request that the trial court grant continuing jurisdiction community
supervision, i.e. probation. See id. Thus, if a trial court places an accused on shock
probation, it does not suspend the sentence, rather it “suspend[s] further execution of
the sentence.” Tex. Code Crim. Proc. Ann. art. 42.12 §§ 6(a), 7(a) (Vernon Supp.
2002) (emphasis added).


 Writing about shock probation, the O’Hara court stated,
“Since the defendant must actually serve a portion of his sentence before being placed
on probation . . ., upon the revocation of that probation the convicting court has no
power to cumulate any sentence not originally ordered to be served cumulatively.” 
O’Hara, 626 S.W.2d at 35. 
          Unlike shock probation, however, confinement in this case was a condition of
community supervision. During the time appellant was serving his confinement
condition, he was on community supervision and was not serving part of his sentence. 
Thus, appellant did not suffer a portion of his punishment because his sentence was
yet to be imposed. 
          We note a similar outcome in Worthington v. State, 38 S.W.3d 815 (Tex.
App.—Houston [14th Dist.] 2001), rev’d on other grounds, 67 S.W.3d 191 (Tex.
Crim. App. 2001). In Worthington, the defendant was found guilty of murder and
received 40 years’ confinement. Id. at 816. Prior to his murder conviction, the
defendant pleaded guilty to a burglary of a habitation, and the court placed appellant
on 10 years’ community supervision. The court, in Worthington, revoked the
defendant’s community supervision because his subsequent murder conviction
violated the terms of the community supervision agreement and stacked his murder
sentence on his burglary sentence. Id. The defendant challenged the court’s decision
to stack the sentences arguing that the trial court erred because he had already served
time on his sentence. Id. 
          In making its decision, the court noted that, when a defendant is placed on
community supervision, no sentence has been imposed. Worthington, 38 S.W.3d at
819 (citing Amado v. State, 983 S.W.2d 330, 331 (Tex. App.—Houston [1st Dist.]
1998, pet. ref’d)). Further, the sentence is imposed for the first time when community
supervision is revoked. Id. Thus, the court, in Worthington, held that the defendant’s
sentence for his burglary offense was not imposed until his community supervision
had been revoked. Id.; see also Burns, 835 S.W.2d at 737 (holding that spending 181
days in jail waiting for State’s motion to revoke to be heard did not constitute time
spent serving portion of her sentence). The trial court may cumulate sentences after
community supervision is revoked even though the judgments suspending the
imposition of the original sentences and ordering community supervision do not
provide for the cumulation of the sentence. McCullar v. State, 676 S.W.2d 587, 588
(Tex. Crim. App. 1984).
          We adopt the Worthington decision and thus hold that appellant’s sentence was
imposed for the first time when his community supervision was revoked. Therefore,
the court did not abuse its discretion by stacking appellant’s sentences.
          We overrule points of error one and two. 
Deadly Weapon Finding
          Appellant argues, in point of error three, that the trial court lacked authority to
enter an affirmative finding of a deadly weapon in the intoxication manslaughter
conviction. In support of his argument, appellant states that, although the indictment
alleges the use of a deadly weapon, the jury’s general punishment verdict did not
permit the entry of an affirmative finding. We disagree.
          When the jury is the trier of fact, a trial court is prohibited from entering an
affirmative finding that a deadly weapon was used unless (1) the deadly weapon or
firearm has been specifically pleaded as such in the indictment, (2) when not
specifically pleaded, the deadly weapon or firearm is per se a deadly weapon or
firearm, or (3) a special issue is submitted and answered by the jury in the affirmative. 
Polk v. State, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985). 
          Here, the trial court entered an affirmative finding of a deadly weapon after (1)
appellant pleaded guilty to the felony offense of intoxication manslaughter, which
included an allegation of the use of a deadly weapon, (2) the jury was charged on the
felony offense of intoxicated manslaughter, which included an allegation of the use
of a deadly weapon, (3) the jury was instructed to find appellant guilty of intoxication
as charged in the indictment, which included an allegation of the use of a deadly
weapon, and (4) the jury returned a guilty verdict. 
          Even though the verdict did not include the language “as alleged in the
indictment,” the jury had been instructed to find appellant guilty as charged in the
indictment, which alleged the use of a deadly weapon. Under these circumstances,
the jury’s verdict of guilty constitutes a finding of use of a deadly weapon. 
          We overrule point of error three.
 
Conclusion
          We affirm the trial court’s judgments. 
 

                                                                        Frank C. Price
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Price.



Do not publish. Tex. R. App. P. 47.