COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

OSCAR VENTURA,                                            )

                                                                              )              
No.  08-02-00460-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
346th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20010D01479)

                                                                              )

 

 

O
P I N I O N

 

Oscar Ventura
appeals an alleged stacking order.  We
affirm.

FACTUAL SUMMARY








On May 30, 2001,
Appellant waived his right to a jury trial and entered a negotiated plea of
guilty to possession of cocaine.  In
accordance with the plea bargain, the trial court placed Appellant on shock
probation for a term of ten years.  The
trial court later revoked Appellant=s
probation and sentenced him to imprisonment for a term of ten years.  At that same revocation hearing, the trial
court revoked Appellant=s
community supervision in cause number 65173 and assessed punishment at
imprisonment for ten years in that case.[1]  The following exchange then occurred between
the attorneys and the trial court:

[The
State]:      Your Honor, if the Court
would consider stacking one on top of the other.  However, if the Court won=t consider that, then I would ask the
Court to address each one separately in each respective cause number.

 

[The
Court]:     Do you have anything to say
why I shouldn=t stack
them to amount to 20 years?

 

[Defense]:         Your Honor, the Court placed him on
probation on both cases, and under the sentences concurrent, the probation is
to run concurrent  So, you know --

 

[The
Court]:     I=ll
tell you what I=m going
to do.  I=m
going to let you brief that point, and I=ll
withdraw that sentence.

In the meantime, on
Cause Number 65173, I sentence him to 10 years in the Institutional Division of
the Texas Department of Criminal Justice.

In Cause Number
20010D01479, I sentence him to 10 years in the Institutional Division of the
Texas Department of Criminal Justice.

They are to run consecutive
unless you show me where I=m
wrong.

 

The trial court
signed the written judgment and sentence approximately one month after the
revocation hearing and oral pronouncement of sentence.  The judgment does not contain a cumulation
order but instead provides that the sentence is AConcurrent
Unless Otherwise Specified.@

CONSECUTIVE SENTENCES








In his sole point
of error, Appellant contends that the trial court erred in cumulating the
sentences.  In support of his argument,
Appellant cites O=Hara
v. State, 626 S.W.2d 32, 35 (Tex.Crim.App. 1981) which held that a trial
court may not add a cumulation order onto a sentence already imposed after a
defendant has suffered punishment under the sentence as originally
imposed.  In this case, however, the
record does not support Appellant=s
claim that the trial court has entered a cumulation order in this case as the
judgment states that the sentence is concurrent unless specified
otherwise.  The trial court did not Aspecify otherwise@ anywhere in the written judgment or
sentence;  therefore, the sentences are
to run concurrently.  Accordingly,
Appellant=s sole
point of error is overruled and the judgment of the trial court is affirmed.

 

 

June
24, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant has also appealed cause number 65173. 
We have affirmed that conviction by an opinion and judgment entered this
same date.  Oscar Ventura v. State,
08-02-00461-CR (Tex.App.--El Paso June 24, 2004, no pet.h.).