In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-160 CR


____________________



THOMAS JUDE HEBERT, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-030505-R






MEMORANDUM OPINION


 Thomas Jude Hebert, Jr., appeals the revocation of a community supervision order
entered pursuant to Article 42.12, § 6 ("shock probation"). The clerk's record contains
a waiver of the right to appeal the revocation. Accordingly, we dismiss the appeal.

 In a negotiated plea Hebert pleaded guilty to burglary of a habitation and was
sentenced to seven years of imprisonment. Pursuant to a plea bargain agreement Hebert
was placed on community supervision for seven years beginning January 30, 2004. 
Alleging Hebert committed a crime while on community supervision, on March 4, 2004,
the State filed a motion to revoke the probated judgment. Hebert pleaded true and secured
the State's agreed punishment recommendation for shock probation. The trial court
revoked community supervision and imposed the seven year sentence of incarceration. 
Hebert immediately filed a motion for release from detention and on August 2, 2004, the
trial court suspended further execution of the sentence and placed Hebert on community
supervision. On February 1, 2005, the State filed a motion to revoke that alleged Hebert
violated the terms of community supervision by committing burglary of a vehicle on or
about December 18, 2004, by failing to report, by possessing or using alcohol, and by
failing to provide proof of attendance at Alcoholic/Narcotic Anonymous meetings. On
March 14, 2005, the State agreed to abandon the allegation regarding burglary of a
vehicle, Hebert pleaded true and stipulated to the remaining allegations, and with defense
counsel, the prosecutor, and the trial judge also signing, executed the following document: 
 

WAIVER OF RIGHT OF APPEAL OF REVOCATION


 Comes now the Defendant, in writing and in open Court, and joined by
counsel, and after being duly sentenced in accordance with the punishment
assessed, states that he understands that he has a right to appeal the order of
the revocation of probation herein, and that if he is indigent and desires to
appeal, counsel will be appointed at no cost to him. The Defendant now
understanding all rights in this connection, waives and abandons his right of
appeal in this cause. 


 The trial court ordered a presentence investigation report. At a hearing conducted
April 1, 2005, Hebert stipulated to everything in the presentence investigation report, but
excepted to the recommendation and requested to be continued on community supervision
with substance abuse treatment ("SAFP"). Hebert admitted he continued to use drugs
while on probation and committed new offenses of burglary but claimed he needed help
with his drug problem. The trial court revoked the community supervision order and
ordered execution of the seven year sentence. The sole issue raised on appeal contends the
trial court abused its discretion in revoking community supervision and denying Hebert's
request to be continued on community supervision. Hebert argues that, given the role
drugs played in his continuing criminal behavior and the administrative nature of the
violations, the trial court abused its discretion in revoking community supervision. He
cites no precedent for holding that a trial court can abuse its discretion in timely revoking
a community supervision order based on a plea of true. 

 Hebert executed a waiver of his right to appeal the revocation, then filed a notice
of appeal. Before we address the issue raised on appeal, we must determine the effect of
the waiver on the appellant's appeal. A valid waiver will prevent a defendant from
appealing without the court's consent. Monreal v. State, 99 S.W.3d 615, 618 (Tex. Crim.
App. 2003). This rule does not depend upon the existence of a plea bargain, and applies
to negotiated and non-negotiated pleas. Id. at 622. If knowingly and intelligently made,
a pre-trial waiver is binding. See Blanco v. State, 18 S.W.3d 218 (Tex. Crim. App.
2000). (1) A boilerplate waiver may be countermanded by the trial court's subsequent
handwritten permission to appeal. Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App.
2003); Alzarka v. State, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002). 

 In both Willis and Alzarka the parties understood the defendant intended to appeal
the trial court's ruling on a motion to suppress evidence. Willis, 121 S.W.3d at 403;
Alzarka, 90 S.W.3d at 324. In contrast, Hebert neither contested the State's evidence
supporting revocation nor the trial court's power to order Hebert to finish serving his
sentence. As there is no contested hearing and no discussion of preserving issues for
appeal, the record in this case does not support a conclusion that Hebert proceeded in the
trial court with the intention of retaining his right to appeal. It is highly unlikely that the
defendant, his attorney, the prosecutor, and the judge all signed the waiver inadvertently. 
After sentencing, the trial court informed Hebert that he had thirty days in which to file
a motion for new trial and stated that he had the right of appeal, but Hebert did not ask to
withdraw his waiver and the trial court never expressly granted permission to appeal. 
With no indication in the record that the appellant accidentally waived his right of appeal,
we presume the written waiver is valid. 

 The right of appeal having been waived, the appeal is dismissed. 

 APPEAL DISMISSED.





 ____________________________

 STEVE McKEITHEN

 Chief Justice 


Submitted on January 26, 2006

Opinion Delivered February 8, 2006

Do Not Publish 


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The sentence had already been imposed when Hebert executed the waiver, as
Hebert had already begun to serve his sentence and only further execution of the sentence
was suspended while Hebert remained on community supervision. See O'Hara v. State,
626 S.W.2d 32, 35 (Tex. Crim. App. 1981). Hebert signed the waiver when he pleaded
true to the allegations in the motion to revoke, before the trial court ordered Hebert to
finish serving his sentence.