NO. 07-12-00205-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 30, 2012

STEVE ANTHONY ARAGON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 426TH DISTRICT COURT OF BELL COUNTY;

NO. 69021; HONORABLE FANCY H. JEZEK, JUDGE

Before CAMPBELL and HANDOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Steve Anthony Aragon appeals from his guilty pleas to two offenses of indecency with a child by contact and the resulting consecutive sentences of twenty years of imprisonment.  Through one issue, appellant challenges the orders cumulating the sentences.  We will modify the judgments and affirm them as modified.

Background

Appellant was charged by indictment with two counts of indecency with a child by contact, alleging contact in two manners with the same victim on the same occasion.[1]

---

[1] Tex. Penal Code Ann. § 21.11 (West 2012).

The State filed a motion seeking cumulation of the sentences for the two counts, stating consecutive sentences were authorized under Penal Code section 3.03(b)(2)(A).[2] Appellant plead guilty to both counts. On March 20, 2012, the trial court heard evidence, found appellant guilty of each count, and sentenced appellant to twenty years of imprisonment for each count. The court granted the State's motion to cumulate the sentences, and pronounced sentence, stating, "it's the sentence of the court, sir, that in each of these cases you serve 20 years in the Institutional Division of the Texas Department of Criminal Justice. And these counts are accumulated." Appellant did not object to the pronounced sentences.

A written judgment for each conviction was entered on April 2, 2012, some two weeks after appellant was orally sentenced and began serving his sentence. Each judgment contains a cumulation order. The judgment of the count I conviction states that the twenty-year sentence of confinement "shall run consecutively with count II in this cause number." The judgment of the count II conviction contains the same statement, substituting "count I" in place of "count II."

Analysis

Through his sole issue on appeal, appellant contends the written judgments impose unauthorized cumulative sentences.

A trial court has authority to cumulate the sentences from two or more convictions pursuant to Texas Code of Criminal Procedure article 42.08. Tex. Code

---

[2] Tex. Penal Code Ann. § 3.03(b)(2)(A) (West 2011).

2

Crim. Proc. Ann. art. 42.08(a) (West 2006); *Ex Parte Madding*, 70 S.W.3d 131, 136 (Tex.Crim.App. 2002); *cf.* Tex. Penal Code Ann. § 3.03(b)(2)(A) (West 2011) (offenses arising from same criminal episode). A trial court's decision to cumulate sentences is reviewed for abuse of discretion. Tex. Code Crim. Proc. Ann. art. 42.08(a); *Ex Parte Madding,* 70 S.W.3d at 136. A defendant's sentence commences on the day it is pronounced by the trial court. Tex. Code Crim. Proc. Ann. art. 42.09, § 1 (West 2008).

A trial court cumulating sentences must so order at the time and place that sentence is orally pronounced. *Ex Parte Madding,* 70 S.W.3d at 136 (holding that "once [the defendant] was removed from the courtroom and began serving his sentence, it was too late to cumulate the sentence just imposed with an earlier one"). A trial court does not have the statutory authority to orally pronounce one sentence in the defendant's presence, but enter a different sentence in its written judgment outside the defendant's presence. *Id.* The rationale for this rule is that the imposition of sentence is the crucial moment when all parties are physically present and able to hear and respond to the sentence. *Id.* at 135.

Appellant argues on appeal that the trial court did not pronounce a sentence cumulating the two terms of imprisonment. He cites two cases, *O'Hara v. State,* 626 S.W.2d 32 (Tex.Crim.App. 1982) and *Ex parte Reynolds,* 462 S.W.2d 605 (Tex.Crim.App. 1971). We agree with the State that neither case supports appellant's position. Both cases involve attempts by a trial court to add an unpronounced cumulation order after the defendant began serving his punishment. *See O'Hara,* 626 S.W.2d at 34-35 (trial court attempted to add a cumulation order onto a sentence

imposed after the defendant began serving probation); *Ex parte Reynolds*, 462 S.W.2d at 607-08 (trial court's attempt to add a cumulation order to sentence after telling the defendant his sentences would run concurrently and after he began serving his sentence was null). Here, the parties discussed the State's motion to cumulate sentences prior to the hearing. After hearing testimony, the court granted the State's motion and orally pronounced that appellant's sentences for each count of indecency with a child by contact were "accumulated." Unlike the cases appellant cites, the trial court here did not orally pronounce one sentence or pronounce that the sentences would run concurrently, and then attempt to cumulate sentences in the written judgments. Rather, the written judgments are consistent with the oral pronouncement. *See Ex parte Madding*, 70 S.W.3d at 135 (written judgment simply memorialization of pronounced sentence).

Appellant is correct the written judgments are unclear as to which sentence is to be served first. If a trial court orders a sentence to run consecutive to another, the written cumulation order must contain sufficient information identifying the "base" sentence to permit prison and parole officials to determine when service of the second sentence is to begin. *See* George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice and Procedure, § 46:152 (3d ed. 2011) (citing cases). The cumulation orders in these judgments are inadequate because they do not identify which of the two judgments contains the "base" sentence. However, the information necessary for an adequate cumulation order is clear on this record. *See Banks v. State,* 708 S.W.2d 460, 461 (Tex.Crim.App. 1986) (reiterating requirements for cumulation orders). We have the authority to modify the trial court's written cumulation orders to reflect the

4

sentence actually imposed by the trial court and to make the written orders adequate. *Banks,* 708 S.W.2d at 462 (reforming cumulation order); Tex. R. App. P. 43.2(b).

Accordingly, we modify the judgment of conviction for count I in trial court case no. 69,021 to delete the cumulation order, and modify the judgment of conviction for count II in the same cause so that the cumulation order states, "the sentence in Count II of this cause does not begin until the judgment and sentence in Count I has ceased to operate." Tex. R. App. P. 43.2(b).  As so modified, we affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.

5