The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00368-CR
NO. 09-13-00369-CR
NO. 09-13-00370-CR
NO. 09-13-00371-CR
NO. 09-13-00372-CR

_____

**CHRISTOPHER PAUL DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 07-02148, 08-03290, 10-10714, 10-10715, 10-10716**

_____

**MEMORANDUM OPINION**

Challenging his sentences in five cases, Christopher Paul Davis[1] appeals
from the trial court's revocation of its respective orders that placed Davis on
community supervision. In all five cases, Davis contends that the sentences the

_____

[1]The record reflects that the defendant, Christopher Paul Davis, is also
known as Kermit Joseph Davis.

1

trial court assessed are disproportionate and unreasonable; he concludes that the sentences he received violate the Eighth Amendment of the United States Constitution and article I, section 13 of the Texas Constitution. In two of his cases, trial cause numbers 08-03290 and 10-10714, Davis also complains that the trial court erred by entering judgments stacking his sentences. According to Davis, because the trial court first placed him on shock community supervision[2] in trial cause numbers 08-03290 and 10-10714, and he had served a portion of those sentences, his sentences in these cases could not be stacked. With respect to Davis's stacking complaints in trial cause numbers 08-03290 and 10-10714, the State concedes error.

We overrule Davis's issues that assert Eighth Amendment and article I, section 13 arguments. After reviewing the records in trial cause numbers 08-03290 and 10-10714, we agree with the State that the trial court rendered judgments that improperly stacked Davis's sentences. Based on our resolution of Davis's issues, we affirm the trial court's judgments in trial cause numbers 07-02148, 10-10715, and 10-10716. In trial cause numbers 08-03290 and 10-10714, we delete the trial

---

[2]*See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (West Supp. 2013). "Shock community supervision" describes a trial court's decision to place a defendant on deferred adjudication community supervision within 180 days following the date the defendant's sentence was executed. *See State v. Dunbar*, 297 S.W.3d 777, 780-81 (Tex. Crim. App. 2009).

court's cumulation orders, and we order that Davis serve his sentences in these two cause numbers concurrently. As modified, we affirm the trial court's judgments in trial cause numbers 08-03290 and 10-10714.

Background

In cause numbers 07-02148[3] and 08-03290,[4] after Davis was given shock probation and then placed on community supervision, the State filed motions that asked the trial court to revoke its community supervision orders. Following a hearing, the trial court found that Davis had violated the terms of its community supervision orders; it then revoked these orders and assessed ten year sentences in the two cases, trial cause numbers 07-02148 and 08-03290. The trial court stacked Davis's sentence in trial cause number 08-03290 onto the sentence that it imposed in trial cause number 07-02148.

The trial court also placed Davis on shock community supervision in trial cause numbers 10-10714, 10-10715, and 10-10716, the three other cases that are the subject of Davis's appeal. After revoking the order that was used in placing

---

[3]In cause number 07-02148, Davis pled guilty to taking a prohibited substance into a correctional facility, a third degree felony. *See* Tex. Penal Code Ann. § 38.11(b), (g) (West 2011). Although this section of the Penal Code was amended after the date of Davis's offense, the changes do not affect the outcome of the appeal.

[4]In cause number 08-03290, Davis pled guilty to forging money, a third degree felony. *See* Tex. Penal Code Ann. § 32.21(a), (e)(1) (West 2011).[4]

Davis on community supervision in trial cause number 10-10714 (attempted possession of a controlled substance by fraud, a third degree felony), trial cause number 10-10715 (fabricating physical evidence, a third degree felony), and trial cause number 10-10716 (fabricating physical evidence, a third degree felony), the trial court sentenced Davis to serve ten years in prison in each of these cases. *See* Tex. Health & Safety Code Ann. § 481.129(a)(3), (d)(2) (West Supp. 2013),[5] Tex. Penal Code Ann. § 37.09(a)(2), (c) (West Supp. 2013).[6] The trial court's judgment in cause number 10-10714 requires Davis to serve his sentence in trial cause number 10-10714 after completing his sentence in trial cause number 08-03290.

Discretion in Sentencing

The record reflects that Davis failed to challenge his sentences based on claims that the length of his sentences, ten years in each case, violated the Eighth Amendment of the United States Constitution or violated article I, section 13 of the Texas Constitution. Because Davis failed to bring his constitutional claims to the trial court's attention, we cannot consider them in his appeals. *See* Tex. R. App. P. 33.1(a).

---

[5]We cite to the current version of the statute, as any amendments after the date of Davis's offense do not impact the issues Davis raises in his appeal.

[6]We cite to the current version of the statute, as any amendments after the date of Davis's offense do not impact the issues Davis raises in his appeal.

Nevertheless, even if Davis had preserved these issues for review, the challenges he raises regarding the length of his sentences would fail. The sentences the trial court assessed, all based on convictions for third-degree felonies, are within the statutorily-authorized range of punishment for the respective convictions at issue. *See* Tex. Penal Code Ann. § 12.34 (West 2011) (providing that third degree felony punishment is confinement of not more than ten years or less than two years in prison), § 32.21(e)(1) (West 2011) (providing that forgery of money is a third degree felony), § 37.09(c) (providing that fabricating physical evidence is a third degree felony), 38.11(g) (West 2011) (providing that possession of a prohibited substance in a correctional facility is a third degree felony);[7] Tex. Health & Safety Code Ann. § 481.129(d)(2) (providing that the attempt to possess a controlled substance, hydrocodone, by presenting a forged prescription to a pharmacist is a third degree felony).

Generally, if a trial court sentences a defendant within the range of punishment established by the legislature for the crime at issue, an appellate court will not disturb the sentence on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Usually, a trial court's decision to assess a sentence that is

---

[7]We cite to the current version of these provisions of the Penal Code, as any amendments since the date Davis committed the offenses do not impact the issues Davis raises in his appeals.

within the statutory range for the offense at issue is not excessive under the United States Constitution or the Texas Constitution. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). If Davis's complaints that his sentences were too harsh had been preserved, we would nevertheless conclude that these complaints are without merit.

## Cumulation Orders

Davis also argues that the cumulation orders in the judgments rendered in trial cause numbers 08-03290 and 10-10714 are void. According to Davis, he served part of the sentences imposed on him in these two cases before the trial court placed him on community supervision. Because portions of Davis's sentences in trial cause numbers 08-03290 and 10-10714 were served before he was finally sentenced, Davis contends that the sentences he received in these cases could not be stacked. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a) (West Supp. 2013).[8] The State agrees that under the circumstances, the trial court could not stack Davis's sentences in these two cause numbers.

We agree the trial court erred when it stacked Davis's sentences in trial cause numbers 08-03290 and 10-10714. If a defendant has not yet served a portion

---

[8]We cite to the current version of the statute, as any amendments since the dates of Davis's offenses do not impact the issues Davis raises in his appeals.

of his sentence, the conviction on that case may be stacked. *See Pettigrew v. State*, 48 S.W.3d 769, 772-73 (Tex. Crim. App. 2001). However, "if the [defendant] has already served a portion of his sentence before the sentence is suspended or probated, then a cumulation order may not be entered[;]" the decision to stack in that circumstance is improper. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *see also Ex parte Barley*, 842 S.W.2d 694, 695 (Tex. Crim. App. 1992). This prohibition against stacking applies to defendants placed on shock probation—in that circumstance, the defendant served a portion of his sentence before the trial court placed him on community supervision. *See O'Hara v. State*, 626 S.W.2d 32, 35 (Tex. Crim. App. 1981). In such a case, the trial court's cumulation "is null and void and of no legal effect." *Id.*

We hold the trial court erred in rendering a judgment that stacked the sentences Davis received in trial cause numbers 08-03290 and 10-10714 onto two of his other sentences. *See id.* We sustain Davis's complaints regarding the cumulation of his sentences in trial cause numbers 08-03290 and 10-10714.

We order the language cumulating Davis's sentences in trial cause numbers 08-03290 and 10-10714 be deleted, and we order that Davis serve his sentences in trial cause numbers 08-03290 and 10-10714 concurrently. *See Moore v. State*, 371

7

S.W.3d 221, 229 (Tex. Crim. App. 2012). As modified, the judgments the trial court rendered in trial cause numbers 08-03290 and 10-10714 are affirmed.

In conclusion, as modified, we affirm the district court judgments in trial cause numbers 08-03290 and 10-10714. We affirm the trial court judgments as written in trial cause numbers 07-02148, 10-10715, and 10-10716.

TRIAL CAUSE NUMBERS 07-02148, 10-10715, and 10-10716 ARE AFFIRMED; TRIAL CAUSE NUMBERS 08-03290 AND 10-10714 ARE AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on April 21, 2014
Opinion Delivered June 25, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

8